## HENRY METZ

v.

## SAMUEL E. WOOD ET AL., FOR USE, ETC.

*Agency—Commission Merchants—Balance Due—Recovery of—Amend-
ment.*

In an action brought by commission merchants to recover a balance
alleged to be due from defendant and another, this court holds that said per-
sons were individually liable therefor; that a certain amendment of the
declaration was proper, though made after verdict; and declines to interfere
with the judgment for the plaintiffs.

[Opinion filed May 21, 1891.]

APPEAL from the Circuit Court of Ogle County; the Hon.
JOHN D. CRABTREE, Judge, presiding.

Messrs. M. D. SWIFT and W. & W. D. BARGE, for appel-
lant.

Messrs. J. W. ALLABEN and J. C. SEYSTER, for appellees.

UPTON, J.   This action was assumpsit, commenced in the
Circuit Court of Ogle County by appellees against appellant
and Solomon Metz as defendants.   The declaration contained
the common counts only, wherein appellees claimed Solomon
Metz and Henry Metz were indebted to them for stock, goods,
wares and merchandise sold, money lent and advanced, etc.,
and being so indebted promised, etc., amounting, etc., to
$238.68.   The declaration was accompanied by an affidavit of
merits, etc., to which the defendants filed their plea of the
general issue and affidavit of meritorious defense as to Solomon
Metz, one of the defendants; a plea of statute of limitations
was also interposed and issue taken thereon.   The cause was
heard in the Circuit Court with a jury.   The appellees after
verdict dismissed the suit as to Solomon Metz, and he excepted
thereto.   The jury returned a verdict for appellees against
Henry Metz in the sum of $238.68.   After verdict rendered,

and upon motion for a new trial, appellees moved, and the
court allowed the declaration to be amended (to conform to
the fact, after dismissing the action as to the co-defendant,
Solomon Metz) therein, stating a cause of action against Henry
Metz alone, to which he excepted. A motion for a new trial
and a motion in arrest having been overruled, the Circuit
Court entered judgment on the verdict and the case was ap-
pealed to this court. The errors assigned challenge the action
of the trial court, in allowing the appellees to dismiss the suit
as to Solomon Metz and proceed to judgment against defend-
ant, Henry Metz, in allowing appellees to amend the dec-
laration in the court below after the verdict rendered, and in
refusing to grant a new trial, because the evidence claimed was
insufficient to warrant the verdict. Appellees were residents
of Chicago, engaged in 1884 and until the present as com-
mission merchants therein. During the years 1884 and 1885
they had dealings with some person called S. Metz, of Polo,
Ill.; received consignments of live stock in his name, but had
no personal acquaintance one with the other. Henry Metz,
appellant, in person accompanied the stock so consigned and
transacted the business; stated to appellees that he (the appel-
lant) was S. Metz and the owner of the stock so shipped, and
the money or proceeds upon the sale of the stock by appellees
was paid to appellant, believing him to be in fact S. Metz, the
consignor and shipper thereof.

Appellant, in the name of S. Metz, drew drafts upon
appellees, using the moneys obtained thereon supposedly in
the purchase of the stock shipped appellees, and it sometimes
occurred that the shipments to appellees of stock were not
sufficient to cover the full amounts of the drafts or advances
made therefor, and appellant would promise to pay the
difference as soon as he could, saying that he was doing
business right along with appellees, and they need not be so
particular with him as to such overdrafts.

In the winter of 1886, appellant being indebted to ap-
pellees in the amount of $238.68 for moneys due in the
business transactions aforesaid, conducted with appellant as S.
Metz, and being pressed for payment thereof, first informed

appellees that his name was *Henry* Metz, but that S. Metz was his brother, and engaged with him, appellant, in the business transactions with appellees, and promised personally to pay appellees the balance due them, which he admitted was $238.68, but enjoined silence upon that subject stating that his brother, S. Metz, had failed in business, and if the fact was known that appellant paid appellees it might involve appellant in financial difficulty with the creditors of S. Metz, his brother. Some time after this, appellees received a written notice from S. Metz, or his assignee, to appellees, directed as creditors of S. Metz, and upon the receipt thereof appellees sent their traveling agent to Polo to ascertain its meaning. The agent so sent by appellees met appellant in Polo, informed him of the receipt of the notice by appellees, and inquired what it meant. Appellant replied, " I don't mean Wood Bros.; they were always friends of mine, and I will not beat them out of a cent." Appellant then promised to ship stock to appellees sufficient to pay the amount due on the account claimed, and said that he, Henry Metz, owned the stock shipped appellees prior to January, 1886; that he had sufficient stock to cover the indebtedness then in the stock yards, which he exhibited to the agent, and promised to ship the same to appellees to satisfy their demand, etc. Appellant further stated that his brother, S. Metz, had been engaged in the boot and shoe business at Polo, but that he, appellant, had not been engaged therein; that appellees had no business with the shoe store, and did not come under the head of that failure, and admitted his liability upon, and promised to pay appellees' claim. This in substance was appellees' case as made by the evidence in the trial court, which in greater part was contradicted by the evidence offered by appellant; indeed, the evidence was utterly irreconcilable and flatly contradictory, peculiarly a question for the jury to determine as to the credibility of the witnesses, and they found for the appellees in this contention, and after a careful examination of this record we are unable to say they were not sustained by the weight of the evidence in so finding. Upon the question of fact under the well under-

stood rule of law we do not feel authorized to disturb the
verdict of the jury.   This will dispose of appellant's conten-
tion upon that point.   It is claimed that the trial court was
in error in allowing the dismissal of the suit as to S. Metz,
and amendment of the narr. by the striking out of the name of
S. Metz therefrom after verdict, upon the ground that the
action was a joint action against Solomon and Henry Metz,
and a recovery must be had against both or neither.   Appel-
lees' proof heard in the court below would seem to estab-
lish the fact claimed by appellees, that the appellant claimed
to be the owner of the stock shipped and entitled to receive
the money therefrom derived on sale thereof, and that he
was, in fact, the S. Metz in whose name the stock was
shipped and consigned to appellees, and was, at least, doing
business in the name of S. Metz; and after the business was
wholly closed, and it was discovered by appellees that the
appellant was not in fact S. Metz, appellant claimed he was
carrying on and conducting business in the name of S.
Metz, and that they were not individually, but were jointly,
liable therefor.   But appellant's evidence as a witness on
the hearing below was explicit that he had no interest in the
stock shipped, out of which the indebtedness to appellees
accrued, and hence obtained the money, etc., under false
pretenses.   This being the state of the case, both Solomon
and Henry Metz would be liable to appellees for the amount
due them in this suit, not jointly, but individually and sever-
ally.   Solomon, because, as he testifies, he in fact received the
moneys from the cattle shipped to the appellees, and that it
was his individual transaction and personal business, and
Henry would be liable to appellees therefor, because the
moneys were procured and the business was done and credit
obtained by himself, claiming to be the principal, and, in fact,
the S. Metz, shipper and actual owner of the cattle or stock
shipped, and upon such representations induced advances to
be made by the appellees on appellant's promise to repay the
same on further shipments of stock to them by him there-
after made.

   If we are correct in this view the liability was not shown

by the evidence to have been a joint liability, but several, and under the present statute of amendments the trial court committed no error in allowing the amendments complained of, even after verdict. No wrong is perceived to have been done appellant thereby of which he could be heard to complain. It is not claimed that he could procure other or further evidence upon the facts then in issue. He had the opportunity of having all he offered heard, and we think substantial justice has been done in this case, and perceiving no error in the giving or refusing of instructions as offered, refused or modified, or in amendments allowed, or dismissal of parties to this proceeding, or in entering of judgment upon the verdict rendered, the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*